

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Honorable D. C. Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-5942
Re: Authority of the State
Highway Commission of
Texas to issue special-
ly exempt license plates
to the officials and em-
ployees of the Mexican
Section of the Interna-
tional Boundary Commis-
sion

        You submit the following questions contained in
your letter dated March 21, 1944, requesting the opinion
of this department:

        1.    Is the State Highway Commission of
Texas authorized under Article 6675a-3aa of
the Revised Civil Statutes of Texas, or any
other Article, to issue fee exempt license
plates to the officials and employees of the
Mexican Section of the International Boundary
Commission?

        2.    In the absence of any statute au-
thorizing the issuance of such plates, does
the Convention signed at Mexico City, August
12, 1942, between the United States of
America and Mexico authorize and require the
Highway Department of Texas to issue such
license plates?

        Attached to your letter is a letter from L. M.
Lawson, Commissioner, U. S. Section of the International

Honorable D. C. Greer, Page 2

Boundary Commission, accompanied by a list of Mexican nationals, officials and employees of the Mexican Section. The Commissioner states in his letter that each of the named officials has been duly appointed by the Mexican Government to exercise official functions in the territory of the United States, each being a national of Mexico, and not engaged in any private occupation for gain within the United States and that permission for them to exercise such official functions has been duly granted by the Government of the United States.

The Convention referred to was ratified in a proclamation by the President of the United States, effective July 1, 1943, wherein the Articles of the Convention, fourteen in number were set forth. It is expressly designated a consular convention, the purposes of which were to define the duties, rights, privileges, exemptions and immunities of consular officers of each country. An examination of the provisions under the Articles of this Convention fails to disclose any mentioning or reference to the International Boundary Commission.

Article 6675a-3aa, Vernon's Annotated Civil Statutes, in part provides:

" . . . Said Department may provide for the issuance of specially designated plates to those exempt by law, and may provide rules and regulations for the issuance thereof, . . . . "

The Convention herein referred to has the force and effect of a treaty between the two countries, which by the provisions of Article I, Section 10 of the Constitution of the United States, all treaties made under the authority of the United States shall be the Supreme Law of the Land. It appears therefore that if the nationals in question come within the provisions of said Convention, there is statutory authority within the above quoted provision of Article 6675a-3aa for such fee exempt license plates to be issued.

Article III, paragraph 1 of the Convention, provides:

"Consular officers and employees in a consulate, nationals of the State by which they are

Honorable D. C. Greer, Page 3

appointed, and not engaged in any private occupation for gain within the territory of the State in which they exercise their functions, shall be exempt from all taxes, National, State, Provincial and Municipal, including taxes on fees, wages or salaries received specifically in compensation for consular services, and they shall be exempt from all kinds of charges incident to the licensing, registration, use or circulation of vehicles. . . . ."

Section 2 of the above Article of said Convention provides:

"The exemptions provided in paragraph 1 of this Article shall apply equally to other officials who are duly appointed by one of the High Contracting Parties to exercise official functions in the territory of the other High Contracting Party, provided that such officials shall be nationals of the State appointing them and shall not be engaged in any private occupation for gain within the territory of the State in which they exercise their functions; and provided further that permission for them to exercise such official functions has been duly granted by the Government of the receiving State. The Government of the State appointing such officials shall communicate to the Government of the receiving State satisfactory evidence of the appointment and shall indicate the character of the services which will be performed by the officials to whom the exemptions are intended to apply."

It is further provided in paragraph 3, Article I that the Government of each High Contracting Party shall furnish free of charge the necessary exequatur of such consular officers of the other High Contracting Party as present a regular commission signed by the Chief Executive of

Honorable D. C. Greer, Page 4

the appointing State and under its great seal. Likewise such exequatur shall be furnished to a subordinate or substitute consular officer.

Answering your request, it is the opinion of this department that in view of the foregoing authorities, such nationals of the United Mexican States referred to in your letter, officials and employees of the International Boundary Commission, may be issued specially fee exempt license plates under Article 6675a-3aa, Vernon's Annotated Civil Statutes, provided each has been issued the exequatur by this Government under the provisions of the Convention between the United States of America and Mexico, signed August 12, 1942, and effective July 1, 1943.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. R. King

WJRK:ff

APPROVED MARCH 29, 1944

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN